## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**DERMAIN DATORIO TERRY**                                        **PLAINTIFF**
**#163201**

**V.**                          **NO. 4:23-cv-00722-BSM-ERE**

**MIKE KNODEL,** *et al.*                                        **DEFENDANTS**

### ORDER

Plaintiff Dermain Datorio Terry, a pre-trial detainee at the Dallas County Detention Center ("Detention Center"), filed this civil rights lawsuit *pro se* under 42 U.S.C. § 1983. *Doc. 2*. As explained below, in its current form, Mr. Terry's complaint fails to state a plausible constitutional claim that would survive screening. However, rather than screen the complaint and recommend dismissal, the Court will postpone the screening process[1] to give Mr. Terry the opportunity to file an amended complaint clarifying his constitutional claims.

1.   **Deficiencies in Complaint:**

Mr. Terry's complaint includes multiple claims arising on different dates. He

---

[1] Screening is mandated by the Prison Litigation Reform Act, which requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

sues Dallas County Sherrif Mike Knodel, Jail Administrator Kathern Shuler, Business Officer Penny McClain, and Intake Officer Johnathan Graef, in both their individual and official capacities, seeking monetary relief.[2]

Mr. Terry alleges that: (1) Defendant Graef falsified his medical records in retaliation for exercising his First Amendment rights; (2) Defendant Shuler failed to adequately supervise Defendant Graef; (3) Defendant McClain failed to properly credit Mr. Terry's prison account trust information in retaliation for exercising his First Amendment rights;[3] (4) unidentified intake officers have refused to provide him his hypoglycemic snack; (5) Defendant Shuler has ignored Mr. Terry's requests

---

[2] Mr. Terry's claims against Defendants in their official capacity are treated as claims against Dallas County. See *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010); *Jenkins v. Cnty. of Hennepin, Minn.*, 557 F.3d 628, 631-32 (8th Cir. 2009). In this § 1983 action, a county cannot be held vicariously liable for the actions of its employees. See *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 692-93 (1978); *Parrish*, 594 F.3d at 997. Rather, a county can be held liable only if an official county policy or widespread custom was the "moving force" behind the alleged constitutional violation. See *Luckert v. Dodge Cnty.*, 684 F.3d 808, 820 (8th Cir. 2012); *Jenkins*, 557 F.3d at 633. Mr. Terry's complaint fails to allege that he suffered any constitutional injury as the result of Dallas County's custom or policy. As a result, he has failed to state a plausible constitutional claim for relief against Defendants in their official capacity.

[3] To the extent that Mr. Terry claims that Defendant McClain has failed to properly credit Mr. Terry's prison trust account, such conduct fails to rise to the level of a constitutional violation. It is settled law that if an inmate is deprived of personal property, no relief is available under section 1983 as long as state law provides adequate post-deprivation remedies. In *Butler v. Smith*, 208 F.3d 217 (8th Cir. 2000) (unpublished), the Eighth Circuit Court of Appeals determined that an Arkansas county prisoner who alleged he was wrongly charged for meals while housed at a county jail had an adequate post-deprivation state remedy and, thus, could not seek relief under section 1983. See also *Bausley v. Dugan*, 2004 WL 2291373 (8th Cir. Oct. 13, 2004) (unpublished) (holding that a detainee could not bring a section 1983 claim against county jail employees for seizure of personal property from his cell because he could bring a conversion action in state court). Therefore, Mr. Terry's allegations regarding the loss of personal property fail to state a plausible constitutional claim for relief.

for dental treatment; and (6) all Defendants have engaged in this "campaign of harassment" in retaliation for exercising his First Amendment rights. *Doc. 2 at 5*.

### A.    Unrelated Claims

Mr. Terry may not pursue multiple claims that are factually and legally unrelated in a single lawsuit. See FED. R. CIV. P. 20(a)(2) (multiple defendants may be joined in one lawsuit only if the claims against them arise "out of the same transaction, occurrence, or series of transactions or occurrences," and involve "any question of law or fact common to all defendants"). Therefore, Mr. Terry may not pursue all of the claims discussed below in this lawsuit. Rather, he must choose which related claims he wishes to proceed on in this case. And if he refuses to choose, the Court may do it for him.

### B.    Retaliation

Mr. Terry's complaint conclusively alleges that Defendants retaliated against him based on him exercising his First Amendment right to file a lawsuit against Detention Center officials.[4]

To state a retaliation claim, Mr. Terry must allege that: (1) he engaged in constitutionally protected activity; (2) Defendants took adverse action against him that would chill a prisoner of ordinary firmness from engaging in that activity; and

---

[4] Mr. Terry previously filed *Terry v. Shuler, et al.*, E.D. Ark. Case No. 4:23cv612 BSM-JJV. That case remains pending.

(3) a causal connection exists between the Defendants' retaliatory motive and the adverse action. *De Rossitte v. Correct Care Sols., LLC.*, 22 F.4th 796, 804 (8th Cir. 2022); *Santiago v. Blair*, 707 F.3d 984, 992 (8th Cir. 2013); *Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019).

In order to establish a causal connection between his protected speech and the adverse action, "[Plaintiff] must show that the protected activity was a 'but-for cause' of the adverse action, meaning that the adverse action against [him] would not have been taken absent a retaliatory motive." *De Rossitte*, 22 F.4th at 804 (citation and quotation omitted).

Moreover, allegations of retaliation must be more than speculative and conclusory. *Atkinson v. Bohn*, 2009 WL 4825169, *904 (8th Cir. 2009) (per curiam) (holding that plaintiff "failed to state a retaliation claim because he . . . failed to allege which defendants were involved in or affected by his grievances."). As explained in *Rienholtz v. Campbell*, "an inmate cannot immunize himself . . . merely by filing [lawsuits] and then claiming that everything that happens to him is retaliatory." 64 F. Supp. 2d 721, 733 (W.D. Tenn. 1999) (internal citation omitted). "If that were so, then every prisoner could obtain review of non-cognizable claims merely by filing a lawsuit or grievance and then perpetually claiming retaliation." *Id*.

Here, Mr. Terry's speculative, conclusory, and unsubstantiated allegations

against Defendants are insufficient to state a plausible claim for unconstitutional retaliation. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "labels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a § 1983 claim; and instead, a prisoner must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face"); see also *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

## C.   Medical Deliberate Indifference

Mr. Terry's complaint also alleges that: (1) unidentified officers failed to provide him hypoglycemic snacks on unidentified dates; and (2) Defendant Shuler has ignored his requests for dental treatment.

To state a plausible medical deliberate indifference claim against Defendants, Mr. Terry must allege facts to show that: (1) he had "objectively serious medical needs"; and (2) Defendants "actually knew of but deliberately disregarded those needs." *Hamner v. Burls,* 937 F.3d 1171, 1177 (8th Cir. 2019); see also *Saylor v. Nebraska*, 812 F.3d 637, 644 (8th Cir. 2016).[5]

---

[5] A medical need is objectively serious if it has been "diagnosed by a physician as requiring treatment" or if it is "so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Barton v. Taber,* 908 F.3d 1119, 1124 (8th Cir. 2018). When a prisoner alleges that a delay in medical treatment has violated his constitutional rights, the "objective seriousness of the deprivation should also be measured 'by reference to the *effect* of delay in treatment.'" *Laughlin v. Schriro,* 430 F.3d 927, 929 (8th Cir. 2005); *see Roberson v. Bradshaw*, 198 F.3d 645, 648 (8th Cir. 2001) (a prisoner must demonstrate that the delay in obtaining medical treatment adversely affected his prognosis, or that defendants ignored an acute or escalating situation).

The complaint contains no fact identifying the individual(s) who denied him his hypoglycemic snacks, how many times those individuals denied him his hypoglycemic snacks, or how the denial impacted or harmed him.  Likewise, Mr. Terry fails to explain how many times Defendant Shuler has denied his request for dental treatment, or how the denial impacted or harmed. Thus, Mr. Terry's proposed medical deliberate indifference claims, as stated in his current complaint, cannot survive screening.

### D.    Supervisor Liability

A supervisor may not be held vicariously liable under § 1983 for the constitutional violations of a subordinate. *Ashcroft*, 556 U.S. at 676 (holding that "vicarious liability is inapplicable to . . .§ 1983 suits"); *Saylor v. Nebraska*, 812 F.3d 637, 644-45 (8th Cir. 2016) (because a supervisor cannot be held vicariously liable for the constitutional violations of a subordinate, prisoner must "show that the

---

Importantly, "the Constitution does not require jailers to handle every medical complaint as quickly as each inmate might wish." *Jenkins v. County of Hennepin, Minnesota,* 557 F.3d 628, 633 (8th Cir. 2009).

 Under the subjective component of an inadequate medical care claim, prison officials may not "deliberately delay or deny prisoners' medical care," but a prisoner "must show more than negligence, more even than gross negligence," to make out a constitutional violation. *Hamner,* 937 F.3d at 1177; *see Roberts v. Kopel,* 917 F.3d 1039, 1042 (8th Cir. 2019) (deliberate indifference requires a mental state "akin to criminal recklessness"). Significantly, prisoners "have no right to receive a particular or requested course of treatment," and prison medical personnel "remain free to exercise their independent medical judgment." *Barr v. Pearson,* 909 F.3d 919, 921 (8th Cir. 2018). It is well-settled that a prisoner's "mere difference of opinion over matters of expert medical judgment or a course of medical treatment fails to rise to the level of a constitutional violation." *Id.* at 921-22 (citation and alterations omitted).

supervisor personally participated in or had direct responsibility for the alleged violations" or "that the supervisor actually knew of, and was deliberately indifferent to or tacitly authorized, the unconstitutional acts"). Instead, Mr. Terry must allege that each defendant, "through [his] own individual actions, has violated the Constitution." *Ashcroft*, 556 U.S. at 676.

Mr. Terry complains that Defendant Shuler failed to adequately supervise Defendant Graef by concluding that his grievance concerning Defendant Graef's conduct was "unsubstantiated." *Doc. 2 at 4*. In addition, although he does not explain how Sheriff Mike Knodel violated his constitutional rights, he generally states that "ultimately the sheriff's office [is] putting my life in jeopardy." *Id.* While Mr. Terry may have a colorable claim against Defendant Shuler if he can state a plausible retaliation claim against Defendant Graef, Mr. Terry does not allege any facts suggesting that Defendant Knodel was aware of any conduct by Defendant Graef or any other officer that arguably violated Mr. Terry's constitutional rights. Because Defendant Knodel cannot be held liable based solely on his supervisory role, Mr. Terry has failed to state a plausible constitutional claim for relief against Defendant Knodel.

## 2.    <u>Guidelines for Filing Amended Complaint</u>:

Mr. Terry has thirty days to file an amended complaint. If Mr. Terry files an amended complaint, he should specifically: (1) include only those constitutional

claims arising from the same transaction or occurrence; (2) identify and name as Defendants those individuals who *personally* violated his constitutional rights; and (3) explain the injury he suffered as a result of each Defendant's unconstitutional conduct.

If Mr. Terry fails to file a timely amended complaint, the Court will screen the original complaint and may choose a claim for him to pursue in this case and dismiss other claims.[6] See FED. R. CIV. P. 21 (providing that a court may *sua sponte* "add or drop" an improperly joined party or "sever" any claim); *Stephens v. Does*, 777 F. App'x 176, 177 (8th Cir. 2019).

Mr. Terry's amended complaint, if filed, will supersede or replace the current complaint. See *In re Atlas Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) (an amended complaint supersedes an original complaint and renders the original complaint without legal effect). So, Mr. Terry should make sure that his amended complaint includes all allegations relevant to the claim(s) he wants to pursue in this lawsuit.

Finally, in his amended complaint, Mr. Terry need only include a "short and plain statement" showing that he is entitled to relief, with factual allegations that are "simple, concise, and direct." FED. R. CIV. P. 8(a)(1) & (d). At this stage, there is no need to identify witnesses or to describe evidence that he may rely on later to prove

---

[6] If that happens, Mr. Terry will be free to pursue the dismissed claims in a new lawsuit.

his claim.

**3.   Conclusion:**

For the reasons explained above,

IT IS THEREFORE ORDERED THAT:

1.     Mr. Terry may file an amended complaint within thirty (30) days of the entry of this Order.

2.     If Mr. Terry fails to file an amended complaint, the Court will screen the original complaint, which is likely to result in the dismissal of some, or all, of his constitutional claims.

3.     The Clerk is instructed to provide Mr. Terry, along with this Order, a blank 42 U.S.C. § 1983 complaint form.

So Ordered 7 August 2023.

_____
UNITED STATES MAGISTRATE JUDGE