## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**DERMAIN DATORIO TERRY**                                    **PLAINTIFF**
**#163201**

**V.**                    **NO. 4:23-cv-00722-BSM-ERE**

**MIKE KNODEL,** *et al.*                                **DEFENDANTS**

### RECOMMENDED DISPOSITION

**I.    Procedure for Filing Objections:**

This Recommendation has been sent to United States District Judge Brian S.

Miller. You may file written objections to all or part of this Recommendation.  Any

objections filed must: (1) specifically explain the factual and/or legal basis for the

objection; and (2) be received by the Clerk of this Court within fourteen (14) days

of the date of this Recommendation. If you do not object, you risk waiving the right

to appeal questions of fact and Judge Miller can adopt this Recommendation without

independently reviewing the record.

**II.    Background:**

Plaintiff Dermain Datorio Terry, a pre-trial detainee at the Dallas County

Detention Center ("Detention Center"), filed this civil rights lawsuit *pro se* under 42

U.S.C. § 1983. *Doc. 2.*

Mr. Terry's original complaint included multiple claims arising on different

dates. He sued Dallas County Sherrif Mike Knodel, Jail Administrator Kathern

Shuler, Business Officer Penny McClain, and Intake Officer Johnathan Graef, in both their individual and official capacities, seeking monetary relief.

Mr. Terry's original complaint alleged that: (1) Defendant Graef falsified his medical records in retaliation for exercising his First Amendment rights; (2) Defendant Shuler failed to adequately supervise Defendant Graef; (3) Defendant McClain failed to properly credit Mr. Terry's prison account trust information in retaliation for exercising his First Amendment rights; (4) unidentified intake officers have refused to provide him his hypoglycemic snack; (5) Defendant Shuler has ignored Mr. Terry's requests for dental treatment; and (6) all Defendants have engaged in this "campaign of harassment" in retaliation for exercising his First Amendment rights. *Doc. 2 at 5*.

The Court previously determined that Mr. Terry's complaint failed to state a plausible constitutional claim. *Doc. 5*. However, rather than screen the original complaint and recommend dismissal, the Court postponed the screening process to give Mr. Terry an opportunity to file an amended complaint clarifying his constitutional claims. Mr. Terry has now filed an amended complaint. *Doc. 6*. For the reasons explained below, Mr. Terry's claims should be dismissed, without prejudice, for failure to state a plausible constitutional claim for relief.

## III.    Discussion:

### A.    Standard

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

### B.    Mr. Terry's Allegations

Mr. Terry's amended complaint conclusively alleges that Defendant Johnathan Graef retaliated him based on him exercising his First Amendment right to file a lawsuit against Detention Center officials.[1] He explains that Defendant Graef was made aware that Mr. Terry filed the previous lawsuit through the grievance process and, as a result, Defendant Graef checked his blood sugar at inappropriate times and "falsified medical records." *Doc. 6 at 4*. Mr. Terry's amended complaint further alleges that Defendant Shuler failed to adequately supervise Defendant Graef

---

[1] Mr. Terry previously filed *Terry v. Shuler, et al.*, E.D. Ark. Case No. 4:23cv612 BSM-JJV. That case remains pending.

3

by ignoring Defendant Graef's retaliatory conduct and finding Mr. Terry's grievance "unsubstantiated." *Id*. He sues Defendant Graef and Shuler in both their individual and official capacity seeking monetary damages.[2]

Mr. Terry's amended complaint fails to include: (1) any claims against Defendants Knodel or McClain; and (2) any deliberate indifference claims. Accordingly, Mr. Terry has abandoned those claims. See *Doc. 5*; *In re Atlas Lines, Inc*., 209 F.3d 1064, 1067 (8th Cir. 2000) (an amended complaint supersedes an original complaint and renders the original complaint without legal effect).

## C.    Retaliation Claim

As the Court previously explained, to state a retaliation claim, Mr. Terry must allege facts to show that: (1) he engaged in constitutionally protected activity; (2) Defendant Graef took adverse action against him that would chill a prisoner of ordinary firmness from engaging in that activity; and (3) a causal connection exists between the Defendant Graef retaliatory motive and the adverse action. *De Rossitte*

---

[2] Mr. Terry's claims against Defendants in their official capacity are treated as claims against Dallas County. See *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010); *Jenkins v. Cnty. of Hennepin, Minn.*, 557 F.3d 628, 631-32 (8th Cir. 2009). In this § 1983 action, a county cannot be held vicariously liable for the actions of its employees. See *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 692-93 (1978); *Parrish*, 594 F.3d at 997. Rather, a county can be held liable only if an official county policy or widespread custom was the "moving force" behind the alleged constitutional violation. See *Luckert v. Dodge Cnty.*, 684 F.3d 808, 820 (8th Cir. 2012); *Jenkins*, 557 F.3d at 633. Mr. Terry's complaint fails to allege that he suffered any constitutional injury as the result of Dallas County's custom or policy. As a result, he has failed to state a plausible constitutional claim for relief against Defendants in their official capacity.

*v. Correct Care Sols., LLC.*, 22 F.4th 796, 804 (8th Cir. 2022); *Santiago v. Blair*, 707 F.3d 984, 992 (8th Cir. 2013); *Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019).

To show a plausible causal connection between his protected speech and the adverse action, Mr. Terry must allege facts to "show that the protected activity was a 'but-for cause' of the adverse action, meaning that the adverse action against [him] would not have been taken absent a retaliatory motive." *De Rossitte*, 22 F.4th at 804 (citation and quotation omitted). Moreover, allegations of retaliation must be more than speculative and conclusory. *Atkinson v. Bohn*, 2009 WL 4825169, *904 (8th Cir. 2009) (per curiam) (holding that plaintiff "failed to state a retaliation claim because he . . . failed to allege which defendants were involved in or affected by his grievances."). As explained in *Rienholtz v. Campbell*, "an inmate cannot immunize himself . . . merely by filing [lawsuits] and then claiming that everything that happens to him is retaliatory." 64 F. Supp. 2d 721, 733 (W.D. Tenn. 1999) (internal citation omitted). "If that were so, then every prisoner could obtain review of non-cognizable claims merely by filing a lawsuit or grievance and then perpetually claiming retaliation." *Id*.

Here, Mr. Terry's speculative, conclusory, and unsubstantiated allegations against Defendant Graef are insufficient to state a plausible claim for unconstitutional retaliation. See *Ashcroft*, 556 U.S. at 678 (explaining that "labels and conclusions," a "formulaic recitation of the elements of a cause of action," and

"naked assertions devoid of further factual enhancement" are insufficient to plead a § 1983 claim; and instead, a prisoner must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face"); see also *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

###    D.    Supervisor Liability

Mr. Terry complains that Defendant Shuler failed to adequately supervise Defendant Graef. His only factual allegation is that Defendant Shuler found Mr. Terry's grievance concerning Defendant Graef's conduct "unsubstantiated." *Doc. 6 at 4*.

A supervisor may not be held vicariously liable under § 1983 for the constitutional violations of a subordinate. *Ashcroft*, 556 U.S. at 676 (holding that "vicarious liability is inapplicable to . . .§ 1983 suits"); *Saylor v. Nebraska*, 812 F.3d 637, 644-45 (8th Cir. 2016) (because a supervisor cannot be held vicariously liable for the constitutional violations of a subordinate, prisoner must "show that the supervisor personally participated in or had direct responsibility for the alleged violations" or "that the supervisor actually knew of, and was deliberately indifferent to or tacitly authorized, the unconstitutional acts"). Instead, Mr. Terry must allege that each defendant, "through [his] own individual actions, has violated the Constitution." *Ashcroft*, 556 U.S. at 676.

Here, because Mr. Terry fails to state a plausible retaliation claim against Defendant Graef, he also has failed to state a plausible failure to supervise claim against Defendant Schuler.

## IV.   **Conclusion:**

IT IS THEREFORE RECOMMENDED THAT:

1.      Mr. Terry's claims be DISMISSED, without prejudice, based on his failure to state a plausible constitutional claim for relief.

2.      In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g).

3.      The Court certify that an in forma pauperis appeal of this dismissal would be frivolous and not taken in good faith.

4.      The Clerk be directed to close this case.

Dated 17 August 2023.


_____
UNITED STATES MAGISTRATE JUDGE